judicial error here for the reason that the state had failed to show that the defendant was over the age of eighteen as provided for in the statute and we think it would have been clear error on the part of the court under such a situation to refuse the application of the state, even at that point in the trial, to offer evidence concerning the defendant's age. It was a matter of discretion and we do not think there was any abuse of it when we come to consider the circumstances of facts surrounding the case at the time.

Coming to the remaining assignment of error, that the testimony was insufficient in law to convict, we are of the opinion that this assignment of error is not sustained by the record, for the reason that there was corroborating evidence. For instance, the birth of the child as bearing upon the statement of the prosecutrix as to the commission of the crime, and the statement of another witness who testified as to the age of the defendant, which was material and vital in order to convict under the statute. However, the vital circumstance which corroborates the story of the prosecutrix is the neglect and refusal of the defendant to take the stand and deny the charges made. This in and of itself is very substantial corroboration of the testimony to prove the crime, because the silence of defendant under charges when he had the privilege of the witness stand is an inference and conclusion which supports and corroborates the testimony of the prosecutrix. Under the constitutional amendment, giving the state the right to comment upon the absence of the defendant in a criminal case to testify, it is clear that the legislature intended thereby to impress, in the trial of a criminal case, upon the court and jury the significance of the silence, under fire, of the defendant, under the charges of an indictment. Thus we think that the evidence in the case is sufficient as it was submitted to the jury, to form the foundation of a conviction under the rules of the criminal law, and for that reason the judgment of the common pleas court is hereby affirmed.

Vickery, P. J., and Levine J., concur.

Robinson, Matthias, Day and Allen, JJ., concur. Kinkade, J., dissents.

## UNION TRUST CO v LESSOVITZ
Ohio Supreme Court

### No 22098 (Appeal Case)

### No 22099 (Error case)

Decided May 21, 1930

## DENNISON COAL & SUPPLY CO v BARTELHEIM, etc.

Ohio Supreme Court
No 22063. Decided May 21, 1930

Marshall, CJ., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.

## VOYTKO v BUNTING, et

Ohio Supreme Court
No 22107.  Decided May 21, 1930

Kinkade, Matthias and Allen, JJ., concur.

## WYMER-HARRIS CONSTRUCTION CO v GLASS, Admr, etc.

Ohio Supreme Court
No 22056.  Decided May 21, 1930

Marshall, CJ., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.

## HOCKING VALLEY RY CO v WYKLE

Ohio Supreme Court
No 22149.  Decided May 21, 1930

## MARTIN V. HOWELL v EMILY D. HOWELL, et

Ohio Supreme Court
No 22081.  Decided May 21, 1930